UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD ANDERSON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 09-521 (RJL) |
| EDWARD F. REILLY, et al., | : |
| Defendants. | : |

## MEMORANDUM OPINION

Plaintiff Ronald Anderson,[1] a prisoner in federal custody under sentence imposed by the Superior Court for the District of Columbia, has filed a pro se complaint under 42 U.S.C. § 1983 against a Commissioner and Examiner of the United States Parole Commission, as well as unidentified John and Jane Does, for allegedly violating the ex post facto clause of the Constitution. Const. Art. 1, § 9. Anderson seeks money damages as well as prospective injunctive and declaratory relief. The defendants' motion to dismiss, opposed by Anderson, will be granted.

### I. BACKGROUND

Anderson is currently incarcerated under sentence imposed on him for a murder committed in 1989. At that time, the D.C. Parole Board operated under regulations that were codified in 1987 ("1987 Guidelines"). Nearly a decade later, parole authority for felons under sentence by the Superior Court for the District of Columbia transferred from the District of Columbia Parole Board to the United States Parole Commission. National Capital Revitalization

---

[1] This plaintiff is distinguished from several other persons of the same name in the custody of the Federal Bureau of Prisons by Reg. No. 12904-007.

and Self-Government Improvement Act of 1997, Pub. L. 105-33, 111 Stat. 712, 734-37 (1997) ("D.C. Revitalization Act") (codified at D.C. Code §§ 24- 101 et seq.) (2001 & Supp. 2009). That transfer obligated the Commission to apply D.C. law and regulations to the D.C. Code offenders, but it also gave the Commission "exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons." D.C. Code § 24-131. The Commission adopted new regulations in 2000 ("2000 Guidelines"). Anderson was considered for parole in 2002 and 2007, and denied release both times. It is undisputed that Anderson's parole hearings were conducted under 2000 Guidelines.

Anderson alleges that the defendants violated his constitutional protection against ex post facto laws when they applied the 2000 Guidelines to him instead of the 1987 Guidelines. He asserts that for their "use of parole guidelines that were implemented after commission of plaintiff's criminal offense on March 8, 1989," the defendants are liable to him in their personal capacities for money damages, and are amenable to prospective injunctive and declaratory relief in their official capacities. Compl. at 4; Pl.'s Opp'n at 9. He seeks $110,000 in compensatory and punitive damages. Compl. at 11. The defendants have moved to dismiss the complaint on multiple grounds, including absolute quasi-judicial immunity. In addition, the defendants report that on November 10, 2009, the Parole Commission reconsidered Anderson's parole application under the 1987 Guidelines, thereby rendering moot Anderson's claim for injunctive relief. *See* Defs.' Status Report (Mar. 2, 1010) (reporting that the Commission ordered action making Anderson's parole effective date August 30, 2010).

## II. DISCUSSION

A court may dismiss all or part of a complaint that fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A court considering such a motion to dismiss must assume that all factual allegations are true, even if they are doubtful. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994) (noting that a court must construe the complaint "liberally in the plaintiffs' favor" and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged"). A court need not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must [a] court accept legal conclusions cast in the form of factual allegations." *Kowal,* 16 F.3d at 1276. In deciding a motion brought under Rule 12(b)(6), a court is limited to considering "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which [a court] may take judicial notice." *Gustave-Schmidt v. Chao,* 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted). A *pro se* complaint is entitled to liberal construction and is not held to the same standards as is a formal pleading drafted by a person trained in law. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

As an initial matter, a court must satisfy itself that it may properly exercise jurisdiction over a case. This Court has subject matter jurisdiction over a claim for money damages against a federal agent acting under federal authority who is sued in his or her personal capacity for alleged constitutional violations. *Bivens v. Six Unknown Agents of Fed Bureau of Narcotics,* 403 U.S. 388 (1971). When a Commissioner or Examiner of the United States Parole Commission is acting pursuant to his or her authority under the D.C. Revitalization Act, he or she is acting under

color of a statute of the District of Columbia and, therefore, is subject to suit in his official capacity for prospective injunctive and declaratory relief under 42 U.S.C. § 1983. *Fletcher v. District of Columbia*, 370 F.3d 1223, 1227 (D.C. Cir. 2004) ("Because the D.C. Revitalization Act is . . . a statute [of the District of Columbia], we have no doubt the defendant members of the United States Parole Commission are amenable to suit under § 1983 for actions taken pursuant to that Act."); *Fletcher v. District of Columbia*, 481 F. Supp. 2d 156, 162 (D.D.C. 2007) ("[P]laintiff may pursue prospective injunctive and declaratory relief against the present individual Commissioners in their official capacities."); *Sellmon v. Reilly*, 551 F. Supp. 2d 66, 83 & n.12 (D.D.C. 2008) (same). Accordingly, this Court has subject matter jurisdiction over the claims presented here. There can be no genuine debate that this Court has long-arm personal jurisdiction over the defendants involving disputes arising with respect to their duties under the D.C. Revitalization Act, and that venue in this district iroper. *See Fletcher v. District of Columbia*, 481 F. Supp. 2d at 169-71 (finding venue proper and that it had long-arm personal jurisdiction over Commissioners in their personal capacities).

Anderson's claims for injunctive and declaratory relief are moot because his request for parole has now been considered under the 1987 Guidelines, in accord with the Parole Commission's regulation — adopted in the wake of the decision in *Sellmon v. Reilly*, 551 F. Supp. 2d 66 (D.D.C. 2008) — granting prisoners in his situation a parole reassessment and/or reconsideration hearing. *See* 28 C.F.R. § 2.80(o). Anderson's claim for money damages is barred because the defendants, as federal agents performing a quasi-judicial function in making a parole determination in Anderson's specific case, are protected by absolute quasi-judicial immunity from such a suit. *Fletcher v. District of Columbia*, 481 F. Supp. 2d at 166 (finding that

the United States Parole Commissioners are entitled to absolute immunity from a *Bivens* claim based a specific parole decision relating plaintiff); *Fletcher v. United States Parole Comm'n,* 550 F. Supp. 2d 30, 43 (D.D.C. 2008) (reaffirming the grant of absolute quasi-judicial immunity from suit).

A separate order of dismissal accompanies this memorandum opinion.

RICHARD J. LEON
United States District Judge

Date: 3/5/10